IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       **Plaintiff/Respondent,**

v.                            No.    **CV 16-0449 RB/LAM**
                                             **CR 13-1476 RB**

ROBERT MARTINEZ JR.,

       **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant")

***Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255*** [*Doc. 1*],[2] filed on May 17, 2016.

Plaintiff/Respondent (hereinafter "the Government") filed a response on June 1, 2016 [*Doc. 7*],

and Defendant filed a reply on June 13, 2016 [*Doc. 8*].   This matter is also before the Court on the

Government's ***Motion for Stay of Proceedings Pending the [United States] Supreme Court's***

***Decision in <u>United States v. Beckles</u>*** (S. Ct. No. 15-8544) [*Doc. 9*], filed July 7, 2016.   Defendant

filed a response to the motion to stay on July 12, 2016 [*Doc. 10*], the Government filed a reply on

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0449 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-13-1476 cited in this decision will be designated as "*Cr.Doc.*"

July 22, 2016 [*Doc. 11*], and Defendant filed a surreply on August 2, 2016 [*Doc. 14*] after obtaining leave of Court to file [*Doc. 13*].   In addition, this matter is before the Court on **Defendant-Movant's Motion for Release on Conditions** [*Doc. 17*], pending the Court's consideration of his § 2255 Motion, filed September 27, 2016, to which the Government filed a response on September 29, 2016 [*Doc. 18*], and Defendant filed a reply on October 11, 2016 [*Doc. 20*].   United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*].   Having considered the parties' briefing, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-13-1476, the undersigned recommends, for the reasons set forth below, that the Government's motion to stay [*Doc 9*] and Defendant's motion for release [*Doc. 17*] be **DENIED**, and that Defendant's § 2255 motion [*Doc. 1*] and be **GRANTED** and that Defendant be **RESENTENCED**.

## Factual and Procedural Background

On May 1, 2013, pursuant to a Plea Agreement [*Cr.Doc. 17*], Defendant pled guilty to an Information [*Doc. 14*] charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   The United States Probation Office issued a Presentence Report ("PSR"), which calculated Defendant's base offense level as 20 pursuant to U.S.S.G. § 2K2.1 based on Defendants' prior felony conviction for aggravated fleeing from a law enforcement officer.   *See* [*Doc. 21-1* at 6, ¶ 17, referring to ¶ 36 therein at 9].   Defendant received a 4-level enhancement for possessing a firearm in connection with another felony offense (*id.* at 6, ¶ 18), and was granted a 3-level reduction for acceptance of responsibility (*id.* at 7, ¶¶ 24-25).   The Probation Officer calculated Defendant's total offense level as 21(*id.* at ¶ 26),

with a criminal history category of V, and a resulting advisory guideline range of 70 to 87 months. *Id.* at 15, ¶ 66.

The parties state that the Probation Office issued an addendum to the PSR, noting that a prior conviction for escape had not been included in Defendant's criminal history calculation; however, neither party has provided the Court with a copy of the addendum.   *See* [*Doc. 7* at 2] and [*Doc. 21* at 1].   Nevertheless, the parties agree that the addendum to the PSR increased Defendant's criminal history category from V to VI, and that this criminal history category, coupled with an offense level of 21, resulted in an advisory guideline range of 77 to 96 months. [*Doc. 7* at 2] and [*Doc. 21* at 1].   On October 25, 2013, United States District Judge J. Thomas Marten, sitting by designation, varied from the advisory guideline range and imposed a 60-month sentence, with 3 years of supervised release.   *See* [*Cr.Doc. 22* at 2-3].

Defendant contends in his § 2255 motion that his prior conviction for aggravated fleeing from a law enforcement officer no longer qualifies as a crime of violence pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and, therefore, cannot be used to enhance his sentence.   [*Doc. 1* at 2].   Absent that prior conviction, Defendant contends that his base offense level under the Sentencing Guidelines would have been 14, and his total offense level would have been 15 after application of the 4-level increase for possession of a firearm in connection with another felony offense and the 3-level reduction for acceptance of responsibility.   *Id.*   Defendant states that an offense level of 15 with a criminal history category of VI (as calculated in the addendum to the PSR) results in an advisory guideline range of 41-51 months.   [*Doc. 21* at 1-2]. Therefore, Defendant contends that his current sentence of sixty (60) months violates due process of law because it is higher than the guideline range calculated without application of the U.S.S.G.

§ 2K2.1 enhancement.   [*Doc. 1* at 2].   Based on these arguments, Defendant asks the Court to vacate his sentence and resentence him absent the § 2K2.1 enhancement.   *Id.* at 11.

## Discussion

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.   135 S. Ct. 2551, 2563 (2015). In *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016), the Supreme Court announced that *Johnson* would apply retroactively to ACCA cases on collateral review, reasoning that *Johnson* announced a substantive new rule.   In *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015), a case on direct appeal of a criminal conviction, the Tenth Circuit held that "[t]he ACCA residual clause is 'virtually identical' to the residual clause of the [Sentencing] Guidelines" and the Tenth Circuit concluded that use of the residual clause in U.S.S.G. § 4B1.2 to calculate and enhance Sentencing Guideline ranges is unconstitutional because the clause is void for vagueness.[3] The issue of whether the holding in *Johnson* announces a new rule of substantive law that would apply retroactively to Sentencing Guidelines cases on collateral review is currently pending before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544).   *See* 136 S.Ct. 2510 (2016).

### 1. *Motion to Stay*

The Government asks the Court to stay these proceedings pending a decision in *Beckles*, in which the Supreme Court granted the petition for writ of certiorari "to decide: (1) whether the holding in *Johnson v. United States* . . . applies to the residual clause of USSG § 4B1.2; and (2) if so, whether *Johnson* applies retroactively to Sentencing Guidelines cases on collateral review in

---

[3] Defendant's prior conviction for aggravated fleeing from a law enforcement officer was classified as a crime of violence pursuant to the "residual clause" definition of a crime of violence in U.S.S.G. § 4B1.2(a)(2).   *See* U.S.S.G. § 2K2.1 cmt. n.1 (explaining that "[c]rime of violence" in § 2K2.1 "has the meaning given that term in § 4B1.2(a)," that is, the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another").   The Court notes that, on August 1, 2016, U.S.S.G. § 4B1.2(a)(2) was rewritten to remove the residual clause from the Sentencing Guidelines' definition of "crime of violence."

which the sentence was enhanced by the residual clause in § 4B1.2.   [*Doc. 9* at 1].   In response, Defendant states that "*Beckles* will not be decided until this fall at the earliest, and possibly not until June 2017."   [*Doc. 10* at 2].   Defendant states that his current release date is August 16, 2017, and that he has already served approximately 40 months in prison.   *Id.*   Therefore, Defendant contends that, "[i]f this Court grants relief, [Defendant's] new guideline range would be [41-51][4] months" and, therefore, "[d]elay would prevent him from receiving any benefit from his [§ 2255] motion."   *Id.*   In Defendant's surreply, Defendant contends that he would be prejudiced if the Court grants a stay in this case because "[h]e has already been incarcerated for longer than the low end of his new guideline range."   [*Doc 14* at 2].

In deciding whether to stay § 2255 proceedings until the Supreme Court issues its decision in *Beckles*, the Tenth Circuit has considered whether the defendant would be prejudiced by the stay.   Where a defendant has alleged that he would be eligible for immediate release if he were to prevail on the merits of his *Johnson* claim, the Tenth Circuit has denied the Government's request for a stay.   *See United States v. Evans*, No. 16-1171, ECF No. 01019657091 (10th Cir. July 14, 2016) (denying request for stay); Appellant's Brief in *Opposition to Motion to [Stay]*, ECF No. 01010656542, at 2-3 (July 13, 2016) (opposing government's request for a stay in part because the defendant would be eligible for immediate release if he were to prevail on his § 2255 motion).   Conversely, where the defendant makes no such argument, and his term of imprisonment would still be lengthy if the Court were to rule in his favor on the merits of his *Johnson* claim, the Tenth Circuit has granted the government's request for a stay.   *See United States v. Rollins*, No. 15-1459, ECF No. 01019652432 (10th Cir. July 6, 2016) (stating that, after

---

[4] Defendant acknowledges in his notice of submission of the PSR [*Doc. 21*] that his new guideline range would be 41-51 months, absent the use of his conviction for aggravated fleeing from a law enforcement officer to enhance his sentence under the Sentencing Guidelines, not 37-46 months as he argued in his § 2255 motion. *Compare* [*Doc. 21*] *with* [*Doc. 1* at 2].   Nevertheless, as discussed below, the Court finds that Defendant has made an adequate showing of prejudice.

consideration of Defendant/Appellant's arguments in opposition to the Government's motion to stay the case, the case will remain stayed until the Supreme Court issues decision in *Beckles*); Appellant's *Motion to Reconsider Order Abating Appeal and Tolling Briefing*, ECF No. 01019651916 (July 6, 2016) (wherein Appellant did not argue that a stay would be unfairly prejudicial); and Appellant's *Supplemental Opening Brief*, ECF No. 01019628809, at 7-8 (May 27, 2016) (demonstrating that Appellant would not be eligible for immediate release even if he were to prevail on the merits of his Johnson claim).

Here, Defendant contends that he would be prejudiced by a stay because he would be eligible for immediate release if he were to prevail on his § 2255 motion. *See* [*Doc. 14* at 1-2]. Defendant contends that, absent the use of his prior conviction for aggravated fleeing from a law enforcement officer in calculating his advisory Sentencing Guideline range, he would have had a total adjusted offense level of 15 and a criminal history category of V, which results in a guideline range of 37-46 months. *See* [*Doc. 1* at 2].   In Defendant's notice of submission of PSR and addendum, Defendant acknowledges that the addendum to the PSR increased Defendant's criminal history category from V to VI, and that a total adjusted offense level of 15 with a criminal history category of VI results in an advisory guideline range of 41-51 months. *See* [*Doc. 21* at 1-2]; *see also* U.S.S.G. Sentencing Table, Ch. 5, Pt. A.   Regardless, since Defendant contends that he has served at least 40 months of his sentence (*see Doc. 10* at 2) and the Government states that Defendant would be eligible for a time-served sentence if he ultimately prevails on his § 2255 motion (*see Doc. 18* at 1), the Court finds that Defendant would be prejudiced by a stay of these proceedings because he would be eligible for release if he prevails on his § 2255 motion. Therefore, the Court recommends that the Government's motion to stay pending a decision in *Beckles* be **denied**.

6

## 2.   *§ 2255 Motion*

Defendant contends that his prior conviction for aggravated fleeing from a law enforcement officer no longer qualifies as a crime of violence pursuant to the holding of *Johnson*, and, therefore, cannot be used to enhance his sentence.   [*Doc. 1* at 2].   In support of his claim, Defendant notes that the Supreme Court in *Johnson* did not limit its holding or reasoning to ACCA cases, and that the Tenth Circuit in *Madrid* applied *Johnson* to Sentencing Guidelines cases on direct appeal.   *Id.* at 5-6.   In addition, Defendant states that prior decisions by the Supreme Court that narrowed the reach of ACCA's definition of violent felony have been held to apply retroactively to Sentencing Guidelines cases on appeal.   *Id.* at 6-7 (citing cases from the Third and Seventh Circuits).   Defendant also relies on a Ninth Circuit case and case from the District of Oregon which applied *Johnson* retroactively to Sentencing Guidelines cases on collateral review. *Id.* at 7.   Defendant notes that the Tenth Circuit in *Madrid* rejected the Government's argument that the advisory nature of the Sentencing Guidelines affected the Tenth Circuit's analysis, noting that the Guidelines are the starting point for sentencing and are subject to constitutional challenge. *Id.* at 8 (*citing Madrid*, 805 F.3d at 1211).   In conclusion, Defendant contends that, because his prior conviction for aggravated fleeing from a law enforcement officer is no longer a violent felony pursuant to the holding in *Johnson*, Defendant is entitled to resentencing without using that conviction for a Sentencing Guidelines enhancement.   *Id.* at 8-10.

In response, the Government contends that the invalidation of the residual clause in *Johnson* only applies retroactively to collateral attacks based on ACCA.   [*Doc. 7* at 2-4].   The Government states that *Welch* held that the *Johnson* decision applies retroactively to ACCA cases, but did not address whether it applies retroactively to Sentencing Guidelines cases, and contends that, pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), new rules of criminal procedure generally

are not applied retroactively in cases on collateral review. *Id.* at 3-4. The Government points out that the Supreme Court in "*Johnson* nowhere mentioned the Sentencing Guidelines, even though the [G]uidelines contain an identically-worded residual clause in § 4B1.2, and even though the government's supplemental brief in *Johnson* referred to § 4B1.2's commentary." *Id.* at 5. The Government contends that the constitutional rule announced in *Johnson* is a substantive change for ACCA cases "because it alters the permissible ranges of sentences and the class of individuals subject to the ACCA." *Id.* at 6. In contrast, the Government contends that "[t]he [G]uidelines do not trigger a statutory mandatory minimum sentence that would not otherwise apply and do not elevate the statutory maximum, as is true under the ACCA." *Id.* at 7. Therefore, "a [G]uidelines sentence imposed on the basis of an incorrect [G]uidelines range may be erroneous, but it is not illegal or unlawful as in a case involving prejudicial *Johnson* error under the ACCA." *Id.* (citation omitted). As applied to Defendant, the Government notes that he faced a statutory maximum sentence of ten years, so his 60-month sentence was well within that statutory parameter. *Id.* The Government further notes that the Supreme Court has characterized errors in calculating a defendant's advisory Guidelines range as procedural, rather than substantive, in cases concerning application of the holding in *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 8-9. Furthermore, the Government asserts that "judicial authority to impose lesser sentences than called for by the [G]uidelines illustrates that an erroneous sentencing enhancement is a procedural step in a multi-step process that results in a court's selection of a sentence, not a substantive rule that expands or contracts the statutory range of outcomes." *Id.* at 9. Finally, the Government contends that an extension of the holding of *Johnson* to Sentencing Guidelines cases would not be a new "watershed" procedural rule and, therefore, would not apply retroactively to cases on collateral review. *Id.* at 9-10.

In reply, Defendant contends that the holding in *Johnson* is substantive as applied to Sentencing Guidelines cases, and, thus, should be applied retroactively.   [*Doc. 8* at 2]. Defendant relies on the holding by the Fourth Circuit in *In re: Hubbard*, 825 F.3d 225 (4th Cir. 2016), which rejected the Government's contention that the *Johnson* rule is procedural when applied to Sentencing Guidelines cases, and stated that "although available sentences are technically controlled by statute, the Sentencing Guidelines hardly represent a mere suggestion to courts about the proper sentences defendants should receive."   *Hubbard*, 825 F.3d at 235.   In the same way the Supreme Court in *Welch* held that *Johnson* changed the substantive reach of ACCA, Defendant contends that "*Johnson* altered the substantive reach of the residual clause of the career offender guideline, as incorporated into U.S.S.G. § 2K2.1, thus narrowing the range of conduct and the class of persons that the guideline punishes."   *Id.* at 4.   Defendant further notes that the Tenth Circuit, along with other Circuit Courts, has authorized second or successive § 2255 motions in Sentencing Guidelines cases (*id.* at 4-6), and that the Supreme Court in *Welch* did not limit its holding or reasoning to ACCA cases (*id.* at 6-8).   Finally, Defendant argues that Courts of Appeal have applied other previous Supreme Court decisions which narrowed the ACCA definition of "violent felony" to Guidelines cases on collateral review.   *Id.* at 13 (citing cases from the Third, Seventh, Ninth and Eleventh Circuits).

The issue of whether the holding in *Johnson* announced a new rule of substantive law that would apply retroactively to Sentencing Guidelines cases on collateral review is currently pending before the Supreme Court in *Beckles*.   Notwithstanding that pending decision, the parties are asking the Court to decide whether Defendant is entitled to be resentenced pursuant to the decision in *Johnson*.   To do so, the Court must follow the holding in *Teague*, in which the Supreme Court provided the "normal framework for determining whether a new rule applies to cases on collateral

review." *Welch*, 136 S. Ct. at 1264.   "[A]s a general matter, 'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'"   *Id.* (quoting *Teague*, 489 U.S. at 310).   There are two exceptions to this general rule: (1) "new *substantive* rules generally apply retroactively" (*Welch*, 136 S. Ct. at 1264, quotation omitted, emphasis in original); and (2) "new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding," apply retroactively (*id.*, citation and quotation marks omitted).   "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."   *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (citation omitted).   "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."   *Id.* at 351-52 (citations omitted).   By contrast, procedural rules "regulate only the *manner of determining* the defendant's culpability."   *Id.* at 353 (citation omitted) (emphasis in original).   Procedural rules alter "the range of permissible methods for determining whether a defendant's conduct is punishable."   *Id.*   Procedural rules also do not create a class of persons convicted of conduct that is not lawfully criminalized, "but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."   *Id.* at 352.

In considering whether the holding in *Johnson* announced a new rule of substantive law that would apply retroactively to Sentencing Guidelines cases on collateral review, the Court follows the reasoning in *Welch*, even though that case involves application of *Johnson* to ACCA cases and not Sentencing Guidelines cases.   *See Madrid*, 805 F.3d at 1210 (finding that the residual clause in the ACCA and the Sentencing Guidelines are "virtually identical," and stating

that the Tenth Circuit has "consistently applied the same analysis to both clauses").   In *Welch*, the Supreme Court explained that *Johnson* was a substantive decision because "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [ACCA] punishes.'" *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353).   The Supreme Court explained that before *Johnson*, a person who possessed a firearm after being convicted of three violent felonies faced 15 years in prison, even if those felonies fell under the residual clause; however, "[a]fter *Johnson*, the same person engaging in the same conduct is no longer subject to the [ACCA] and faces at most 10 years in prison." *Id.*   The Court further explained that *Johnson* was not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]," rather, "Johnson affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.*

Here, based on Defendant's designation as a career offender under the Sentencing Guidelines, the sentencing court started with a Guidelines range of 77 to 96 months, instead of the 41 to 51 month range that would have applied without using Defendant's conviction that falls under the residual clause.   Despite the Government's contentions to the contrary, the boundaries of Defendant's sentence were moved in reliance on the residual clause, and subjected Defendant to an increased sentence.   Thus, the decision in *Johnson* changed the "range of conduct or class of persons the law punishes." *Schriro*, 542 U.S. at 353.   The Court does not find persuasive the Government's contention that the Sentencing Guidelines are distinguishable from the ACCA because the Guidelines are advisory and the ACCA is statutory law. *See* [*Doc. 7* at 3-7].   As the Tenth Circuit held in *Madrid*, the sentencing court must start with the Sentencing Guidelines, and

it may be reversed for not correctly applying the Sentencing Guidelines, even though the court may deviate from the recommended range.  *See Madrid*, 805 F.3d at 1211("The Supreme Court has held that the Guidelines are subject to constitutional challenge 'notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range,'" citing *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013)).   The Tenth Circuit, therefore, has explained that its analysis does not change just because the Guidelines are advisory and not statutory.  *Id.*  Similarly, the Supreme Court has explained that the Sentencing Guidelines "remain a meaningful benchmark through the process of appellate review," and "district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Peugh*, 133 S. Ct. at 2083 (citation and internal quotation marks omitted) (emphasis in original).

The Court also rejects the Government's suggestion that the use of Defendant's prior residual-clause felony to enhance his Sentencing Guidelines range was a procedural error.  *See* [*Doc. 7* at 8-9].  Instead, the Court finds that the application of *Johnson* to the Sentencing Guidelines does not correct miscalculated sentences; rather, the *Johnson* decision changed the range of conduct and the class of persons that the law punishes and, therefore, is a substantive decision.  *See, e.g., Peugh*, 133 S. Ct. at 2083 ("Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*.") (citation and internal quotation marks omitted) (emphasis in original); *United States v. Harris*, Case No. CR-08-94-M, CIV-16-682-M, 2016 WL 6109158, at *5 (W.D. Okla. Oct. 19, 2016) (unpublished) (explaining that the career offender enhancement had a *substantive* effect on the defendant's sentence because he received a sentence nearly triple what the advisory guideline

range would have been absent the enhancement, thereby making the "true role" of the Sentencing Guidelines apparent); and *Culp v. United States*, Case No. 2: 16-CV-672 TS, 2:11-CR-293 TS, 2016 WL 5400395 (D. Utah Sept. 27, 2016) (unpublished) ("When a Guidelines range moves up or down, offenders' sentences move with it.") (citation and internal quotation marks and brackets omitted).   Finally, the Court notes that, but for the timing of Defendant's underlying criminal proceedings, he would have been eligible to directly appeal his sentence pursuant to the *Johnson* decision, and, just like the defendant in *Madrid*, Defendant would then have had the benefit of the Tenth Circuit's finding that *Johnson* applies to Sentencing Guidelines cases on direct appeal.   *See* 805 F.3d at 1210-11.   For these reasons, the Court finds that *Johnson* announced a new, substantive rule that should apply retroactively to the residual clause of the Sentencing Guidelines, and recommends granting Defendant's § 2255 motion.[5]

### 3.   *Defendant's Motion for Release on Conditions*

Finally, the Court considers Defendant's motion for release, in which he asks the Court to allow him to be released on conditions while the Court considers the merits of his § 2255 motion. [*Doc. 17*].   Defendant contends that he should be released pending the Court's decision because, if he were to prevail on his § 2255 motion, Defendant states that his Sentencing Guidelines range would be 37-46 months, and Defendant has already served 42 months and would be entitled to approximately 5 months of good-time credit.   *Id.* at 3.   However, as Defendant acknowledges in

---

[5] The Court notes that the judges in two other cases in this district have decided this issue differently. *Compare United States v. Miller*, No. 16-CIV-566 WJ/WPL, Doc. 6 (finding that the rule announced in *Johnson* is procedural and is not entitled to retroactive effect in Sentencing Guidelines cases) *with United States v. Soto*, No. 16-CIV-308 JAP/CG, Doc. 12 (finding that the rule announced in *Johnson* is substantive with regard to Sentencing Guidelines cases).   Nevertheless, the Court agrees with the reasoning in *Soto*, and its decision and the reasoning in *Soto* are in keeping with several other decisions in this circuit in finding that *Johnson* announced a substantive rule that should be retroactively applied to Sentencing Guidelines cases.   *See, e.g., United States v. Harris*, Case No. CR-08-94-M, CIV-16-682-M, 2016 WL 6109158 (W.D. Okla. Oct. 19, 2016) (unpublished); *Broadbent v. United States*, Case No. 2:16-cv-00569, 2016 WL 5922302 (D. Utah Oct. 11, 2016) (unpublished); *Culp v. United States*, Case No. 2: 16-CV-672 TS, 2:11-CR-293 TS, 2016 WL 5400395 (D. Utah Sept. 27, 2016) (unpublished); *Andrews v. United States*, Case No. 2:16-cv-00501-DB, 2:12-cr-616-DB, 2016 WL 4734593 (D. Utah Sept. 9, 2016) (unpublished); and *United States v. Daugherty*, Case No. 07-CR-87-TCK, 2016 WL 442801 (N.D. Okla. Aug. 22, 2016) (unpublished).

Document 21, which was filed after Defendant filed his motion for release, the Probation Office issued an addendum to Defendant's PSR which increased Defendant's criminal history category from V to VI, and that Defendant's offense level of 15 with a criminal history category of VI results in an advisory guideline range of 41-51 months. *See* [*Doc. 21* at 1-2]. Defendant, therefore, will not necessarily be eligible for release when he is resentenced, depending on the sentence imposed by the presiding judge in this case. For this reason, and because the Court's recommendation regarding the merits of Defendant's § 2255 motion is being entered at this time, the Court recommends that Defendant's motion for release should be denied.

## Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that the Government's motion to stay [*Doc 9*] and Defendant's motion for release [*Doc. 17*] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's § 2255 motion [*Doc. 1*] be **GRANTED**, that the Court **VACATE** Defendant's sentence, **ORDER** an updated sentencing memorandum, and set this case for resentencing as soon as possible.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**